**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | | |
|---|---|---|
| **DONALD LEE WELLHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action, Case No.:** 5:14-cv-230-TBR |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **LIBERTY TIRE RECYCLING, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

---

COMES NOW the Plaintiff, Donald Lee Wellham, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1.     This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2.     Plaintiff is a resident of Lyon County, Kentucky.  Plaintiff was, at all relevant times, an employee of Defendant Liberty Tire Recycling, LLC.

3.     Defendant Liberty Tire Recycling, LLC is a Delaware limited liability company with its principal place of business at 1251 Waterfront Place, 4th Floor, Pittsburgh, PA  15222.  Its registered agent for service of process is CSC-Lawyers Incorporating Service Company, who may be served at 421 West Main Street, Frankfort, KY  40601.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Mr. Wellham's federal claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over Mr. Wellham's state-law claim pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Plaintiff in Crittenden County, Kentucky, which is located within this judicial district.

6.      Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A.  Plaintiff received a Notice of Right to Sue from the EEOC with respect to the Americans with Disabilities Act charge set forth below less than ninety days prior to the filing of this Complaint.  A copy of Plaintiff's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7.      Defendant obtains used tires and processes them either for resale to used tire distributors or for shredding and reuse as scrap rubber.

8.      After Mr. Wellham left the military with a permanent restriction against lifting more than twenty-five pounds, Defendant hired Mr. Wellham through a disabled veteran program.

9.      Mr. Wellham began working for Defendant on September 22, 2011 as the production manager.

10.      Defendant later promoted Mr. Wellham to Plant Supervisor / DOT Coordinator and then to Grade Manager.

11.     As the Grade Manager, Mr. Wellham oversaw the "graders," whose job was to review tires as they arrived to determine whether they should be kept or shredded.

12.     Mr. Wellham spent nearly all of his time on a computer entering tracking data, such as the number of tires received and their origin; searching for companies to which the tires could be sold; and cold-calling potential new customers for Defendant's Marion, Kentucky facility.

13.     Mr. Wellham was also responsible for creating and maintaining the budget for all three of Defendant's Kentucky facilities in Marion, Sturgis, and Louisville.

14.     Mr. Wellham did not engage in lifting or other physically strenuous activities as part of his job.

15.     On or about May 24, 2013, Mr. Wellham had surgery for removal of a non-cancerous mass.  Mr. Wellham developed several complications following this procedure that required additional surgeries and other procedures.  As a result, Mr. Wellham was unable to be physically present at Defendant's worksite until he was released to return to the workplace on August 19, 2013.

16.     Nevertheless, as he always had done much of his work from home on a laptop computer, Mr. Wellham worked throughout his treatment.  Mr. Wellham performed work on his laptop and collaborated with both his secretary and the facility's general manager while he was in the hospital and while he was homebound.

17.     As a result of his continued work throughout his illness, Defendant did not offer Mr. Wellham leave pursuant to the Family and Medical Leave Act and continued paying him for his services.

18.     Mr. Wellham's doctor released him to return to the workplace on August 19, 2013 with a ten-pound lifting restriction.

3

19.     The enhanced lifting restriction would not have posed any problem with Mr. Wellham's job because his job duties consisted of typing and phone calls.

20.     Accordingly, Mr. Wellham reported to work on August 19, 2013.  He met with the general manager, who then told Mr. Wellham to ease back into the workplace.  After they met for a time, the general manager told Mr. Wellham to return home and said he would send Mr. Wellham items he could do at home for that day.

21.     On August 22, 2013, Defendant sent Mr. Wellham an e-mail instructing him to report for a meeting the following day.  Mr. Wellham reported for work on August 23, 2013 as normal and performed approximately an hour of work before he attended a meeting in which Defendant told him he had to either resign with a severance package or take FMLA leave and return to work within twelve weeks with absolutely no restrictions.

22.     Mr. Wellham responded that he wanted to return to his job since he had been released to work by his doctor.  Defendant, however, responded that he would not be permitted to work.

23.     Defendant terminated Mr. Wellham when he neither accepted the severance agreement nor took unnecessary FMLA leave.

24.     Defendant's treatment of Mr. Wellham was because of his disability, his record of disability, or because it regarded him as disabled.

25.     The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

26.     As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Wellham has suffered pecuniary losses in the form of lost income and lost employment benefits

as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

27.    Mr. Wellham realleges and incorporates herein the allegations contained in Paragraphs 1 – 26.

28.    Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

29.    Mr. Wellham had a disability that Defendant had been accommodating and reasonably could have accommodated.  Yet, Defendant terminated Mr. Wellham on the basis of his disability.

30.    Mr. Wellham had a record of disability that did not interfere with his performance of his job duties.  Defendant terminated Mr. Wellham on the basis of Mr. Wellham's record of disability.

31.    Additionally or alternatively, Defendant regarded Mr. Wellham as disabled and, on this basis, treated him differently than other employees even though he was, at all relevant times, physically and mentally capable of performing all essential functions of his job.

32.    Defendant's discriminatory actions against Mr. Wellham were willful and knowingly committed.

33.    As a direct and proximate result of Defendant's adverse treatment of Mr. Wellham in violation of the Americans with Disabilities Act, Mr. Wellham was injured and suffered damages.

34.     Mr. Wellham has sustained a loss of back pay, benefits, incidental expenses, and front pay.

38.     Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Wellham's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT II

### DISABILITY DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

39.     Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 – 38.

40.     Defendant's conduct constitutes illegal discrimination on the basis of a disability, a record of disability, or regarding Mr. Wellham as disabled in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

41.     As a result of Defendants' conduct, Mr. Wellham suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Wellham respectfully prays as follows:

1.     That Defendant be served and required to answer within the time prescribed by law;

2.     That a jury of twelve try this cause;

3.     That, upon the trial of this matter, Mr. Wellham be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's discriminatory actions in an amount to be proven at trial;

4.      That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.      That Mr. Wellham be awarded additional compensatory damages pursuant to Counts I and II, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

6.      That costs and discretionary costs be taxed against Defendant;

7.      That Defendant be ordered to pay punitive damages pursuant to Count I in an amount to be determined at trial;

8.      That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450;

9.      That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

10.     That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11.     For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger_____
D. Wes Sullenger, KY BAR # 91861
               TN BPR # 021714

Sullenger Law Office, PLLC
100 Fountain Avenue, Suite 317
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Donald Lee Wellham*